UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD G. COTTRELL,

    Plaintiff,

v.                              Case No. 8:20-cv-2137-TPB-TGW

MARTINELLI, *et al.*,

    Defendants.
_____/

**O R D E R**

Cottrell alleges that, under 42 U.S.C. § 1983, the defendants violated his civil rights while he was a pre-trial detainee in the Pinellas County jail. This action proceeds under Cottrell's amended complaint. (Doc. 14) The defendants move under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the 50-page handwritten amended complaint "because it is a prolix shotgun pleading." (Doc. 35 at 1) Cottrell opposes dismissal. (Doc. 44) Dismissal is warranted, but with leave to file a second amended complaint.

The underlying factual basis for this action is that Cottrell, while a pre-trial detainee in the county jail awaiting resolution of charges for failing to register as a sex offender, fell from a top bunk, allegedly injuring his back and neck. Cottrell represents that he was then sixty-one years old and had

pre-existing medical disabilities. He appears to allege that the defendants (medical personnel in the jail) were deliberately indifferent to his medical needs by both ignoring his requests for treatment and delaying for many months conducting proper diagnostic tests until shortly before his transfer to the Florida Department of Corrections.

Although a *pro se* complaint receives a generous interpretation, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* governs a Section 1983 prisoner complaint. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

On a motion to dismiss under Rule 12(b)(6), the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "Liberal construction of *pro se* pleadings, however, 'does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Ramos v. Katzman Chandler PA*, 2021 WL 3140303 at *4, No. 20-13485, ___ F. App'x ___ (11th Cir. July 26, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

The allegations of fact and any reasonable inference must combine to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), explains that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." As *Iqbal*, 556 U.S. at 678–79, teaches, "plausibility" is greater than a mere "possibility" but less than a "probability."

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "shown" — "that the pleader is entitled to relief."

However, a plaintiff must show "'proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)).

The defendants contend that the unwieldy, 50-page handwritten amended complaint is a prohibited "shotgun pleading." "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). In general terms, there are four types of "shotgun pleading," as summarized in *Ramos*, 2021 WL 3140303 at *4 (citing *Weiland*, 792 F.3d at 1321–23):

> (1) [A] complaint containing multiple counts where each count adopts all the allegations of all the preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate each cause of action or claim for relief into different counts; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Cottrell opposes dismissal because the defendants managed to "pick-out each and every point I articulated." (Doc. 44 at 15)  Counsel for the defendants may have deciphered Cottrell's intended claims, but counsel has access to the defendants' personal knowledge about Cottrell's time in the county jail, whereas the district court has no such access and must rely upon what is written in the amended complaint.  A rambling pleading wastes scarce judicial resources.  *See, e.g., Shabanets*, 878 F.3d at 1295 (internal quotations omitted) (A "shotgun pleading" is disfavored because "[t]hey waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'") (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981–83 (11th Cir. 2008)).

Cottrell must re-draft his pleading.  Apparently Cottrell seeks to assert three claims:[1] that he was needlessly subjected to numerous body scans,

---

[1] Cottrell may also be intending to assert a claim based on the lack of treatment for a kidney ailment, and he extensively complains about the jail's administrative grievance

which may have exposed him to excess radiation; that his rights under the Americans with Disabilities Act ("ADA") were violated; and that his rights both to Due Process and against Cruel and Unusual Punishment were violated. Cottrell must assert each claim in a separately enumerated count, allege the facts for each count, and specifically identify each defendant's personal actions that establishes liability under each respectively count. Cottrell cannot sue a defendant based on that person's position as a supervisor; that is, Cottrell cannot base a Section 1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

Additionally, as a pretrial detainee, Cottrell's rights were protected not by the Cruel and Unusual Punishment Clause in the Eighth Amendment but by the Due Process Clause in the Fourteenth Amendment, which ensures that no state may "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV. *See Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (explaining that the Due Process Clause of the Fourteenth

---

procedure, which relies upon the use of a "kiosk." *See Thomas v. Warner*, 237 F. App'x 435, 437 38 (11th Cir. 2007) ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.").

Amendment protects a detainee whereas the Eighth Amendment protects a prisoner). The two constitutional provisions offer the same protection. The Fourteenth Amendment provides a pretrial detainee no greater constitutional protection than the Eighth Amendment provides a prisoner. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 328 (1986), and *Hasemeier v. Sheppard*, 252 F. App'x 282, 284 (11th Cir. 2007). [2] Consequently, Cottrell cannot pursue a claim under the Cruel and Unusual Punishments Clause.

Lastly, the defendants are no longer responsible for providing Cottrell's current medical care because he is now in the custody of the Florida Department of Corrections ("DOC"). Cottrell must pursue in a separate action a claim about any allegedly present lack of medical care. This action is limited to what happened, or did not happen, while Cottrell was a pre-trial detainee. Cottrell must omit from the amended complaint facts about his conditions of confinement after his transfer to the DOC. Similarly, Cottrell cannot pursue injunctive relief against the county jail defendants because he is no longer under their care. And with respect to Cottrell's request for monetary damages from the defendants in their individual capacities for alleged violations of the ADA, "there is no individual capacity liability under

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

. . . the ADA . . . ." *Badillo v. Thorpe*, 158 F. App'x 208, 211–212 (11th Cir. 2005); *Dale v. Moore*, 121 F.3d 624, 627 (11th Cir. 1997) ("[T]he ADA does not provide for individual liability[.]"); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (same).  Cottrell cannot pursue an ADA claim against an individual defendant.

Accordingly, the defendants' motion (Doc. 35) to dismiss is **GRANTED**. No later than **MONDAY, NOVEMBER 1, 2021**, Cottrell must file an amended complaint, which must not exceed 35 pages.[3]  The defendants have thirty days to respond to the amended complaint.[4]

ORDERED in Tampa, Florida, on September 29, 2021.

*/s/ T.P. Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[3] The amended complaint must comply with the one-inch margin requirement set in Local Rule 1.08(a).

[4] If the defendants file an answer, the court will issue a scheduling order for discovery and dispositive motions. If the defendants file another motion to dismiss under Rule 12, Cottrell has thirty days to oppose and the defendants have twenty-one days to reply.